Trottier v. CNA Group Life Ins.          CV-03-544-SM  11/29/04
                    UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


Margaret Trottier,
      Plaintiff

      v.                                    Civil No. 03-544-SM
                                            Opinion No. 2004 DNH 170
CNA Group Life Assurance,
      Defendant


                            O R D E R


      Plaintiff Margaret Trottier asserts that CNA Group Life

Assurance ("CNA") denied her claim for disability benefits in

violation of the Employee Retirement Income Security Act.   29

U.S.C. § 1001 et seq.   Before the court are cross-motions for

summary judgment.   For the reasons given, defendant's motion for

summary judgment is granted.



                        **Standard of Review**

      The employee welfare benefit plan at issue "reflects a

'clear grant of discretionary authority to determine eligibility

for benefits,'" Matias-Correa v. Pfizer, Inc., 345 F.3d 7, 11

(1st Cir. 2003) (quoting Leahy v. Raytheon Co., 315 F.3d 11, 15

(1st Cir. 2002); citing Firestone Tire & Rubber Co. v. Bruch, 489

U.S. 101, 115 (1989)).  Accordingly, CNA's determination that Trottier was not eligible for disability benefits is reviewed only for arbitrariness and capriciousness.  Matias-Correa, 345 F.3d at 11.  Under that standard, "the administrator's decision must be upheld if it is reasoned and supported by substantial evidence."  Gannon v. Metro. Life Ins. Co., 360 F.3d 211, 213 (1st Cir. 2004) (citing Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 30 (1st Cir. 2001)).  "Evidence is substantial if it is reasonably sufficient to support a conclusion, and the existence of contrary evidence does not, in itself, make the administrator's decision arbitrary."  Gannon, 360 F.3d at 212 (citation omitted).

Relying on decisions from other circuits,[1] plaintiff argues that in cases such as this, where the plan administrator also funds the benefit plan, a "heightened arbitrary and capricious" standard of review should be applied.  In this circuit, however, the court of appeals "adhere[s] to the arbitrary and capricious principle, with special emphasis on reasonableness, but with the

---

[1] Levinson v. Reliance Std. Life Ins. Co., 245 F.3d 1321, 1326 (11th Cir. 2001); Doe v. Group Hosp. & Med. Servs., 3 F.3d 80, 86 (4th Cir. 1993).

burden on the claimant to show that the [insurer's] decision was improperly motivated."  Pari-Fasano v. ITT Hartford Life & Accident Ins. Co., 230 F.3d 415, 418 (1st Cir. 2000) (quoting Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998)).  It is not the law in this circuit that "a wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary or beneficiaries unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries." Levinson, 245 F.3d at 1326 (quoting Brown v. Blue Cross & Blue Shield, Inc., 898 F.2d 1556, 1566-67 (11th Cir. 1990)).  If it were, the result might be different, but not assuredly so.

## Background

On October 7, 2002, Trottier made a claim for disability benefits.  (Administrative Record (hereinafter "A.R.") at 265-69.)  By letter dated November 11, 2002, CNA disability specialist Robert D. Manning informed plaintiff that:

> At this time, additional medical information is
> being obtained from Dr. Shearman concerning the details

3

> of your disability status, exact limitations, treatment
> plan, prognosis, etc.
>
> CNA cannot complete our evaluation of your claim
> until we receive this information. If we do not
> receive the required information from your attending
> physician within 10 business days from the date of this
> letter, your file will be closed. However, should we
> receive this information later, we will re-open your
> claim and give it our full consideration.

(A.R. at 261-62.) Trottier's claim was denied in a letter dated January 16, 2003, from Faye Bernabe, a CNA claims consultant. (A.R. at 186-88.) In that letter, Bernabe explained the appeal process and stated: "If you have additional medical information not mentioned above or wish us to reconsider our decision, you should submit your formal request for reconsideration **in writing** to my attention **within 180 days of the date of this letter.**" (A.R. at 187 (emphasis in the original).)

On February 11, 2003, the Social Security Administration ("SSA") determined that Trottier had been disabled since July 17, 2002, and was, therefore, eligible for Social Security disability insurance benefits. (A.R. at 44.)

4

On June 26, 2003, Trottier sought reconsideration of CNA's January 16 decision to deny her benefits. (A.R. at 42-43.) By letter dated July 25, 2003, Faye Bernabe declined to change CNA's previous decision, and forwarded the claim for a formal appeal review. (A.R. at 20.) In her July 25 letter, Bernabe stated that "[t]he medical consultant that reviewed Ms. Trottier's claim feels that the claim is driven by the self-reported symptoms of the claimant and there [were] no objective physical examination findings or test results to support the physician's restrictions and limitations." (Id.) On August 25, 2003, Trottier's appeal was denied. (A.R. at 10-11.) In reaching its decision, CNA considered evidence and opinions provided by Dr. Shearman (a treating physician), Dr. Luchsinger (a treating physician), Dr. Passas (an examining physician, to whom Trottier had been referred by Dr. Luchsinger), and Dr. Gerstenblitt (a non-examining physician who conducted a review of Trottier's medical records). On September 8, 2003, Trottier sent CNA a letter from Dr. Shearman, dated August 12, 2003, opining that Trottier was disabled. (A.R. at 4-6.) Doris Gloss, a CNA appeal consultant, responded:

5

The additional information submitted by Dr. Shearman was dated 10 months after the period of disability in question. . . . This information dated 8/12/03 would not speak to Ms. Trottier's condition prior to 10/14/02. Therefore, this information does not alter the decision that was made by CNA . . .

(A.R. at 3.)

## Discussion

In her "Statement of Facts," Trottier makes the following recitation:

On November 11, 2002, Ms. Trottier applied for long-term disability benefits through the Defendant corporation.

On January 16, 2003, Defendant issued a denial letter without having informed Ms. Trottier of the date and time when documentation of her inability to work could no longer be submitted.

On February 11, 2003, Plaintiff Margaret Trottier was awarded Social Security Disability benefits due to her inability to perform her work as a visa processing specialist.

On June 26, we sent a letter requesting reconsideration.

On August 25, 2003, this reconsideration request was returned along with a letter of additional denial, which failed to consider additional evidence submitted in support of Ms. Trottier's claim.

6

(Pl.'s Mem. of Law at 1-2.)  The argument section of plaintiff's memorandum of law states, in its entirety:

> CNA's failure to inform Ms. Trottier of the deadline to submit medical evidence of her disability is clearly arbitrary and capricious.  This decision prevented Ms. Trottier from submitting additional evidence in support of her claim, including the expert opinion of Dr. Shearman, as well as evidence from the Social Security Administration which has found Ms. Trottier to be disabled and therefore qualified for Social Security Disability benefits.

(Pl.'s Mem. of Law at 8.)

Plaintiff's argument is without merit.  As a factual matter, even assuming that CNA did fail to inform Trottier of deadlines for submitting documentation of her disability prior to denying her benefits on January 16, 2003, any such failure was completely mitigated by the language of the January 16 letter, which expressly invited the submission of additional information.[2] Similarly, it is inaccurate to say that CNA failed to consider the additional evidence submitted after its August 25, 2003,

---

[2] As well, even after CNA issued its final decision on Trottier's appeal, on August 25, 2003, CNA allowed Trottier to submit, and did in fact consider, at least two additional pieces of documentation – Dr. Shearman's August 12 office note and his opinion letter of the same date.

7

final decision.  CNA did consider that evidence, but declined to rely upon it, concluding from an examination of the evidence that it did not pertain to the relevant time period.  In sum, nothing in the record supports a claim that CNA ever rejected any of plaintiff's evidence as untimely or failed to substantively consider any of her evidence.

Regarding plaintiff's award of Social Security disability benefits, defendant was made aware of that fact by letter dated June 26, 2003 (A.R. at 42), and, as a result, defendant knew of the award when its Appeals Committee affirmed the denial of benefits on August 25, 2003 (A.R. at 10).  "[B]enefits eligibility determinations by the Social Security Administration are not binding on disability insurers."  Pari-Fasano, 230 F.3d at 420 (citing Doyle, 144 F.3d at 186 n.4).  "[A]lthough a related Social Security benefits decision might be relevant to an insurer's eligibility determination, it should not be given controlling weight except perhaps in the rare case in which the statutory criteria are identical to the criteria set forth in the insurance plan."  Pari-Fasano, 230 F.3d at 420.  While plaintiff argues that it was arbitrary and capricious for defendant to

preclude her from submitting evidence concerning her eligibility for Social Security disability benefits, she has failed to allege harm because she does not contend that the CNA plan set forth criteria identical to those used by the Social Security Administration. Because Social Security disability determinations are not binding on disability insurers, and because plaintiff has made no showing that CNA's disability determination was governed by standards identical to those used by SSA, it was not arbitrary and capricious for CNA to find that plaintiff was not disabled, simply because the SSA determined that she was.

Defendant argues that it is entitled to summary judgment because plaintiff failed to: (1) provide objective medical findings to support her disability claim; and (2) prove restrictions and limitations that prevented her from doing her job. Defendant further argues that it was not an abuse of discretion for it to: (1) discount Dr. Shearman and Dr. Luchsinger's favorable opinions, given both the lack of objective findings to support those opinions and the contradictory opinions of Drs. Passas and Gerstenblitt; (2) rely on an independent

9

review of plaintiff's medical records; and (3) determine that plaintiff was not disabled after the Social Security Administration had determined that she was eligible for SSA disability insurance benefits.

Defendant's decision to deny coverage was not arbitrary and capricious because it was supported by substantial evidence in the form of opinions from an independent medical records examiner and an examining physician to whom plaintiff had been referred by her own treating physician.[3] The record does contain medical opinions supportive of plaintiff's position, i.e., those of Drs. Luchsinger and Shearman, but that evidence did not compel defendant to discredit the contradictory and non-supportive medical opinions of Drs. Gerstenblitt (A.R. at 27) and Passas (A.R. at 162). See Gannon, 360 F.3d at 212 (citation omitted). It was not, in other words, "arbitrary and capricious" of CNA to credit one set of medical experts over another.

---

[3] The fact that plaintiff was referred to Dr. Passas by her own physician considerably hampers plaintiff's ability to demonstrate improper motivation on the part of CNA. See Pari-Fasano, 230 F.3d at 418 (explaining that claimant bears the burden of showing that the insurer's decision was improperly motivated).

10

## Conclusion

For the reasons given, plaintiff's motion for summary judgment (document no. 7) is denied, and defendant's motion for summary judgment (document no. 10) is granted.  The clerk of the court shall enter judgment in accordance with this order and close the case.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 29, 2004

cc:  Linda E. Fraas, Esq.
     Vicky S. Roundy, Esq.

11